# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE HARVEY** | **CIVIL ACTION** |
| **versus** | **NO. 11-2121** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Dwayne Harvey, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 12, 2007, he was found guilty of one count of distribution

of cocaine and one count of possession with intent to distribute cocaine under Louisiana law.[1]  On

August 17, 2007, he was found to be a multiple offender and was sentenced as such to a term of

sixty years imprisonment on the conviction for distribution of cocaine and to a concurrent term of

thirty years imprisonment on the conviction for possession with the intent to distribute cocaine.[2]  On

May 13, 2009, the Louisiana Fourth Circuit Court of Appeal affirmed those convictions and

sentences.[3]

On March 12, 2010, petitioner filed an application for post-conviction relief with the

state district court.[4]  That application was denied on April 9, 2010.[5]  His related writ applications

were likewise denied by the Louisiana Fourth Circuit Court of Appeal on May 14, 2010,[6] and by the

Louisiana Supreme Court on June 3, 2011.[7]

---

[1] State Rec., Vol. I of IV, minute entry dated April 12, 2007; State Rec., Vol. I of IV, jury verdict forms.

[2] State Rec., Vol. III of IV, transcript of August 17, 2007; State Rec., Vol. I of IV, minute entry dated August 17, 2007.

[3] State v. Harvey, 12 So.3d 496 (La. App. 4th Cir. 2009) (No. 2008-KA-0217); State Rec., Vol. I of IV.

[4] State Rec., Vol. I of IV.

[5] State Rec., Vol. I of IV, Judgment dated April 9, 2010; State Rec., Vol. I of IV, minute entry dated April 12, 2010.

[6] State v. Harvey, No. 2010-K-0608 (La. App. 4th Cir. May 14, 2010); State Rec., Vol. I of IV.

[7] State ex rel. Harvey v. State, 63 So.3d 1009 (La. 2011) (No. 2010-KH-1259); State Rec., Vol. IV of IV.

On August 19, 2011, petitioner filed the instant federal *habeas corpus* application.[8] In support of his application, he asserts two claims for relief:

1.    Petitioner's habitual offender adjudication was defective because he was not advised of his rights during the proceeding and because the state failed to meet its burden of proof, and

2.    Petitioner's appellate counsel was ineffective for failing to raise the foregoing claim on appeal.

The state concedes that petitioner's application is timely and that he has exhausted his remedies in state court.[9]

## Facts

The underlying facts of petitioner's crimes are not relevant to the claims asserted in the instant petition, and, therefore, they need not be recounted herein. However, the Court notes that the facts were summarized in the opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal.[10]

---

[8] Rec. Doc. 5.

[9] Rec. Doc. 11.

[10] State v. Harvey, 12 So.3d 496, 498 (La. App. 4th Cir. 2009) (No. 2008-KA-0217); State Rec., Vol. I of IV.

Petitioner's Claims

A.  Defective Habitual Offender Adjudication

As noted, petitioner's first claim is that his habitual offender adjudication was defective.  The state argues that this claim is procedurally barred.

Regarding federal *habeas* review of claims rejected by the state courts on procedural grounds, the United States Fifth Circuit Court of Appeals has explained:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

In the last state court opinion addressing this claim, the Louisiana Supreme Court denied relief, holding:  "Denied. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Thomas, 08-2912, (La. 10/16/09), 19 So.3d 446."[11]  The cited authorities all concern state procedural rules.  Article 930.3 sets forth the limited grounds on which a petitioner can seek post-conviction relief under state law.  In Melinie, the Louisiana

---

[11] State *ex rel.* Harvey v. State, 63 So.3d 1009 (La. 2011) (No. 2010-KH-1259); State Rec., Vol. IV of IV.

–  4  –

Supreme Court made clear that 930.3 does not permit post-conviction review of sentencing errors,

holding:

> We grant the application in order to rule definitively on the issue of whether a person may raise the question of excessiveness of sentence in a post-conviction application.  La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction.  See State v. Gibbs, 620 So.2d 296 (La.App. 3d Cir. 1993); cf. State *ex rel.* Glover v. State, 93-2330, p. 7, 11-14 (La. 9/5/95), 660 So.2d 1189, 1194, 1196-98.  Accordingly, relator's claim for post-conviction relief based on the excessiveness of his sentence is denied.

State *ex rel.* Melinie v. State, 665 So.2d 1172 (La. 1996).  In Thomas, the Louisiana Supreme Court

reiterated that holding and additionally made clear that article 930.3 and Melinie likewise prohibit

post-conviction review of ineffective assistance of counsel claims related to sentencing errors.  The

court held:

> Writ granted.  Although the district court retains the discretion to allow the amendment and supplementation of timely filed applications for post-conviction relief, see  e.g. State ex rel. Foy v. Whitley, 92-1281 (La. 10/6/95), 661 So.2d 455, relator's claims that the court imposed an excessive sentence and that he received ineffective assistance of counsel at sentencing are not cognizable on collateral review pursuant to La.C.Cr.P. art. 930.3 and State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. Accordingly, the lower courts erred when they did not dismiss relator's supplemental post-conviction application filed on June 25, 2007, as La.C.Cr.P. art. 930.3 "provides no basis for review of claims of excessiveness or other sentencing error post-conviction." Melinie, *supra*.

State v. Thomas, 19 So.3d 466 (La. 2009).

Federal courts have repeatedly held that article 930.3 and the Melinie decision are

independent and adequate state rules to support the application of a procedural bar.  See, e.g., Hull

v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Davis v. Prince, Civ. Action

No. 11-0172, 2011 WL 5878155, at *7 (E.D. La. Sept. 28, 2011), adopted, 2011 WL 5878152 (E.D.

La. Nov. 23, 2011); Cotton v. Cooper, Civ. Action No. 11-0231, 2011 WL 5025311, at *7 (E.D. La.

Sept. 14, 2011), adopted, 2011 WL 5025295 (E.D. La. Oct. 21, 2011); Taylor v. Cain, Civ. Action

No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action

No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No.

05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No.

05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug.4, 2006); Williams v. Miller, Civ. Action No.

05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); Dedmond v. Cain, Civ. Action No.

03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No.

00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).

When, as here, the state court has relied on independent and adequate state procedural

rules in finding a claim defaulted, "federal *habeas* review is barred unless the petitioner

demonstrates either cause and prejudice or that a failure to address the claim will result in a

fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

Petitioner alleges that the default of this claim was caused by his appellate counsel's

ineffectiveness in failing to assert the claim on direct appeal. It is clear that "[i]neffective assistance

of counsel on direct appeal may provide cause to avoid a procedural bar ...." Hatten v. Quarterman,

570 F.3d 595, 605 (5th Cir. 2009); see also Jackson v. Epps, No. 10-70029, 2011 WL 4842540, at

*6 (5th Cir. Oct. 13, 2011). However, while an ineffective assistance of counsel claim can in some

circumstances serve as "cause" for a procedural default, it can do so *only if* counsel was in fact

ineffective.  Sherill v. Hargett, 184 F.3d 1172, 1176 (10th Cir. 1999); Turner v. Compoy, No. 91-55842, 1993 WL 425372, at *3 n. 2 (9th Cir. Oct. 19, 1993); Arita v. Cain, Civ. Action No. 11-636, 2011 WL 4738666, at *11 (E.D. La. Aug. 25, 2011), adopted, 2011 WL 4738658 (E.D. La. Oct. 6, 2011); Bridges v. United States, No. 04 Civ. 2715, 2005 WL 1798084, at *2 (S.D.N.Y. Aug. 1, 2005); McLaughlin v. Carroll, 270 F. Supp. 2d 490, 516 (D. Del. 2003).  For the following reasons, it is evident petitioner's allegations of ineffective assistance are meritless, and, therefore, cannot serve as "cause" for the default at issue here.

To establish that his counsel was ineffective, a petitioner must prove both that counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 697 (1984).  If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong.  Id.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  See Strickland, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690).  A petitioner must overcome a strong presumption that the

– 7 –

conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); see also Smith v. Robbins, 528 U.S. 259, 286 (2000). Therefore, a petitioner must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briseno, 274 F.3d at 210.

In the instant case, petitioner contends that his appellate counsel should have challenged the habitual offender adjudication on two grounds: (1) petitioner was not advised of his rights during the proceeding and (2) the state failed to meet its burden of proof. However, those contentions have no merit for the following reasons.

In the instant case, petitioner did not plead guilty to the multiple bill of information. However, he did enter into a limited stipulation only as to identity, i.e. that he was in fact the same person who was previously convicted as charged in the multiple bill. Louisiana law requires that, before a trial court accepts such a stipulation, the defendant is to be advised of his right to remain silent and to require the state to prove identity. See, e.g., State v. Boutte, 27 So.3d 1111 (La. App. 3rd Cir. 2010). If that necessary advisement is not given, then the resulting habitual offender

adjudication will generally be vacated, *unless* the hearing was nevertheless "fundamentally fair" despite the omission.  Id.; see also State v. Harris, 654 So.2d 680 (La. 1995).

At the habitual offender proceeding in petitioner's case, Officer Jay Jacquet, a fingerprint expert, had been called to stand as an expert to establish petitioner's identity.  In the midst of Jacquet's testimony, petitioner's counsel stated that evidence regarding identity was unnecessary because petitioner would stipulate to that fact:

> MR. IBERT [defense counsel]:
> Your Honor, um, my understanding in discussion with Mr. Harvey, there's no real dispute as to the identification, that the fingerprints on the State's print card taken this morning, the record that Mr., that Officer Jacquet brought with him today, and his prior bill of information, we understand that those, those prints will, in fact, ah, match up at 11 and 13 points, ah, but the question is as to the actual sufficiency of the cert. is the only thing that we would contest at today's hearing, your Honor.
>
> THE COURT:
> So as to identification only, you, the gentleman admits that he's one and the same gentleman.
>
> MR. IBERT:
> Yes, your Honor.[12]

At that point, the judge called petitioner forward, stating, "Mr. Harvey, you understand that you don't have to admit that you're one and the same gentleman who has the conviction outlined in the multiple bill of information?"[13]  Further, the transcript reveals the following exchange:

---

[12] State Rec., Vol. III of IV, transcript of August 10, 2007, pp. 4-5.

[13] State Rec., Vol. III of IV, transcript of August 10, 2007, p. 5.

THE COURT:

You understand, Mr. Harvey, you do not have to agree that you are one and the same person?  The State must still prove that the Judge who accepted your plea, if you do admit that you entered that plea, they still must prove that the Judge explained certain rights to you, and if they cannot prove that and that you freely and voluntarily waived those rights, I cannot sentence you as a second offender.  Do you understand that, sir?

THE DEFENDANT:

Yes, your Honor.[14]

The Court further advised petitioner that he would retain his right to appeal despite the stipulation.[15]

The Court thereafter accepted the stipulation as to identity and released Officer Jacquet.

This Court need not decide whether the colloquy in the instance case was in fact defective due to the absence of an express advisement that petitioner had the "right to remain silent." *Even if* that defect existed, the error simply was not grounds for reversal on appeal because the hearing was still "fundamentally fair" for the following reasons.

In the instant case, identity was never truly an issue.  Even now, plaintiff does not dispute that he was in fact the person who committed the predicate offense.  Moreover, as noted, the state was fully prepared to prove the element of identity through the testimony of Officer Jacquet and was in the midst of doing so.  However, obviously recognizing that the state was going to easily meet its burden of proof on the issue, plaintiff, with the assistance of capable trial counsel, simply stopped the *pro forma* testimony.  He then entered a straightforward and clearly voluntary stipulation as to identity after being expressly and clearly informed of his right to require the state

---

[14] State Rec., Vol. III of IV, transcript of August 10, 2007, p. 6.

[15] State Rec., Vol. III of IV, transcript of August 10, 2007, p. 8.

to prove all elements of the habitual offender charge including identity. Louisiana courts have routinely found similar habitual offender hearings "fundamentally" fair. <u>See, e.g.</u>, <u>State v. Thomas</u>, 54 So.3d 1268, 1271-72 (La. App. 3rd Cir. 2011) (multiple offender was "fundamentally fair" where, despite the fact that there was no express advisement of the right to remain silent, defendant had been advised of his right to a hearing on the multiple bill wherein the state was required to prove all elements of the charge), <u>writ denied</u>, 69 So.3d 1157 (La. 2011); <u>State v. Fletcher</u>, 776 So.2d 1240 (La. App. 3rd Cir. 2000) (same); <u>State v. Payne</u>, 677 So.2d 527 (La. App. 3rd Cir. 1996) (same). This Court finds that the same is true in this case.

Accordingly, because petitioner's habitual offender proceeding was "fundamentally fair," the alleged defect in the advisement of rights was not grounds for reversal on appeal. Necessarily, then, his appellate counsel was not ineffective for failing to challenge the validity of the habitual offender adjudication based on that alleged defect. <u>See, e.g.</u>, <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); <u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Petitioner's related contention that his appellate counsel should have challenged the habitual offender adjudication on the ground that the state failed to meet its burden of proof is likewise meritless for the following reasons.

In State v. Shelton, 621 So.2d 769 (La. 1993), the Louisiana Supreme Court established a procedure for habitual offender proceedings which employs shifting burdens of proof. The court explained:

> If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.

Id. at 779-80 (footnotes omitted).

Petitioner argues that the habitual offender adjudication here was defective because the state's evidence failed to establish that he was represented by counsel and advised of his rights in the proceedings which resulted in his predicate conviction. However, the state is not required to use a specific type of evidence in order to carry its burden of proof in a habitual offender proceeding; rather, "[a]ny competent evidence may prove the defendant's prior convictions." State v. Price, 66 So.3d 495, 504 (La. App. 5th Cir. 2011), writ denied, 2011 WL 6957850 (La. Nov. 23, 2011). In the instant case, the state introduced a "Waiver of Constitutional Rights/Plea of Guilty

Form" relating to the predicate conviction.[16]  That form was signed by petitioner, his counsel, and the judge.  In that form, petitioner acknowledged that he was represented by counsel.  Also, the form set forth petitioner's rights in accordance with Boykin v. Alabama, 395 U.S. 238 (1969), and petitioner initialed each of those rights.  The form also included, and petitioner once again initialed, the following statement:  "The Judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire."  That evidence was sufficient for the state to meet its initial burden of proof.

At that point, the burden shifted to petitioner to produce affirmative evidence of an infringement of his rights or a procedural irregularity.  Price, 66 So.2d at 504.  Because he produced no such evidence, the state was not required to produce additional evidence showing that the prior plea was knowing and voluntary.  State v. Flagg, 792 So.2d 133, 143 (La. App. 5th Cir. 2001).

For the foregoing reasons, any challenge to the habitual offender adjudication on this basis would likewise have been meritless, and so, again, appellate counsel was not ineffective for failing to assert such a claim.

As previously explained, a meritless ineffective assistance claim cannot serve as "cause" for a default.  Because petitioner's contention that his appellate counsel was ineffective is meritless, and because he has offered no other "cause" for the default of his claim, "cause" clearly has not been established.  "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."  Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

---

[16] A copy of the form is included in Volume II of the state court record.

Where, as here, a petitioner fails to show cause and prejudice for the default of his claim in state court, his defaulted claim is procedurally barred in federal court unless the application of the bar will result in a fundamental miscarriage of justice. The "fundamental miscarriage of justice" exception is limited to claims of actual innocence. See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998). However, it is unclear to what extent, if any, the "actual innocence" exception is available when the defaulted claim relates merely to an alleged sentencing error in a noncapital proceeding.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced as habitual or multiple offenders. Id. at 265-66. However, the Haley court held that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264. The Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004). In so doing, the Supreme Court declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, even if the "actual innocence" exception is available to defaulted claims regarding noncapital sentencing errors, petitioner has failed to establish that he was legally ineligible for the

habitual offender sentence he received. Thus, he has not demonstrated that any miscarriage of justice will result from application of the procedural bar.

Accordingly, petitioner's claim that his habitual offender adjudication was defective because he was not advised of rights during the proceeding and because the state failed to meet its burden of proof is procedurally barred in this federal proceeding.

### B. Ineffective Assistance of Counsel

Petitioner next claims that his appellate counsel was ineffective for failing to challenge the habitual offender adjudication on the grounds that petitioner was not advised of his rights during the proceeding and that the state failed to meet its burden of proof. The state argues that this claim is likewise procedurally barred.

It is true that in the last state court opinion addressing this claim, the Louisiana Supreme Court denied relief, holding: "Denied. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Thomas, 08-2912, (La. 10/16/09), 19 So.3d 446."[17] As previously noted, federal courts have generally held that article 930.3 and the Melinie decision are independent and adequate state rules to support the application of a procedural bar.

That said, the undersigned is troubled by imposition of the bar under the facts of this case. As noted, this claim involves ineffective assistance of counsel, a type of claim which Louisiana courts have often expressly encouraged litigants to save for post-conviction review. Therefore, although abundant authority clearly exists to support the state's position that the

---

[17] State *ex rel.* Harvey v. State, 63 So.3d 1009 (La. 2011) (No. 2010-KH-1259); State Rec., Vol. IV of IV.

procedural rules invoked are adequate even with respect to such claims, that view is not unassailable. A detailed analysis of the points of contention on this issue can be found in the recent decision of <u>Cobb v. Stalder</u>, Civ. Action No. 10-4556, 2011 WL 3654402, at *7-9 (E.D. La. Aug. 2, 2011) (Moore, M.J.), <u>adopted</u>, 2011 WL 3664659 (E.D. La. Aug. 18, 2011) (Engelhardt, J.). Moreover, the Court is especially reluctant to find the bar adequate with respect to the instant claim which involves ineffective assistance of *appellate* counsel. In effect, the Louisiana Supreme Court is suggesting that a petitioner can avoid default of such a claim only if his appellate counsel argues on appeal that he is providing ineffective assistance in that very same appeal. The logic of that suggestion escapes the undersigned.

Nevertheless, a federal *habeas* court need not determine whether a claim is in fact procedurally barred when, as here, the claim clearly fails on the merits. <u>See</u> <u>Glover v. Hargett</u>, 56 F.3d 682, 684 (5th Cir. 1995); <u>Wiley v. Puckett</u>, 969 F.2d 86, 104 (5th Cir. 1992); <u>Corzo v. Murphy</u>, Civ. Action No. 07-7409, 2008 WL 3347394, at *1 n.5 (E.D. La. July 30, 2008). In the foregoing discussion of whether "cause" existed for the default of petitioner's first claim, this Court has already fully considered and rejected petitioner's contention that his appellate counsel was ineffective for failing to challenge the habitual offender adjudication on the grounds that petitioner was not advised of his rights during the proceeding and that the state failed to meet its burden of proof. Accordingly, the undersigned recommends that, out of an abundance of caution, the Court pretermit a decision on whether this claim is in fact procedurally barred and instead simply deny the claim on the merits for the reasons previously discussed.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Dwayne Harvey** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this eighth day of March, 2012.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.