**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DWAYNE HARVEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2121** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(3)** |

## ORDER AND REASONS

Before the Court is Petitioner Dwayne Harvey's ("Petitioner") Objections (Rec. Doc. No. 14) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 13), recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 13) be **AFFIRMED**, that Petitioner's application for federal habeas corpus review be **DISMISSED WITH PREJUDICE**, and that Petitioner's request for issuance of a certificate of appealability is **DENIED**.

On April 12, 2007, Petitioner presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana was found guilty of one count of distribution of cocaine and one count of possession with intent to distribute cocaine under Louisiana law. (Rec. Doc. No. 13 at 1-2). Petitioner was found to be a multiple offender and was sentenced to term of sixty years imprisonment on the conviction of distribution of cocaine and to a concurrent term of thirty years imprisonment on the conviction of possession with the intent to distribute cocaine on August 17, 2007. *Id*. at

2. The Louisiana Fourth Circuit Court of Appeal affirmed those convictions and sentences on May 13, 2009. *Id*.

Petitioner filed an application for post-conviction relief with the state district court on March 12, 2010. *Id*. That application was denied on April 9, 2010. The Louisiana Fourth Circuit Court of Appeal likewise denied Petitioner's related writ applications on May 14, 2010, and the Louisiana Supreme Court denied his writ on June 3, 2011. *Id*.

Petitioner filed the instant federal application for habeas corpus relief on August 19, 2011, in which he claims: (1) Petitioner's habitual offender adjudication was defective because he was not advised of his rights during the proceeding and because the state failed to meet its burden of proof; and (2) Petitioner's appellate counsel was ineffective for failing to raise the foregoing claim on appeal. *Id*. at 3.

The State filed a response in opposition to the instant petition, alleging (1) Petitioner's defective habitual offender adjudication claim is procedurally barred; (2) Petitioner's ineffective assistance of counsel claim fails on the merits. (Rec. Doc. No. 13 4,16).

Petitioner filed a response to the State's opposition alleging (1) he was not properly advised of his right to remain silent during his Habitual Offender Adjudication; and (2)his assistance of counsel was ineffective. (Rec. Doc. No. 14 at 1-3).

**LAW AND ANALYSIS**

**A. Standard of Review**

Petitioner filed his original writ for habeas corpus relief on August 29, 2011, under 28 U.S.C. § 2254 as a prisoner in state custody. (Rec. Doc. No. 18 at 4). This petition is governed by § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1997 ("AEDPA"). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Under § 2254 (d)(1), mixed questions of law and fact are given deference unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may issue a writ under the "contrary to" clause if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than the [Supreme Court has] done on materially indistinguishable facts." *Bell v. Cone*, 523 U.S. 685 (2002). "A federal court may grant a writ under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id*. at 694. "The focus of the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable." *Id*.

Under § 2254(d)(2), a federal court will give deference to a question of fact unless it was "a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court may not grant a writ of habeas corpus because it independently decides that a state court incorrectly applied Supreme Court precedent. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Petitioner carries the burden of proving that the state court applied the facts to Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641 (2003); *Neal*, 286 F.3d at 246.

Federal habeas review is barred when the state court has relied on independent and adequate state procedural rules in finding a claim defaulted unless the petitioner demonstrated either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

In the instant case, the Louisiana Supreme Court denied relief without discussion, citing La.C.Cr.P.art. 930.3; State ex rel. *Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172; *see also State v. Thomas*, 08-2912, (La. 10/16/09), 19 So.3d 446. (Rec. Doc. No 18 at 4). The state court's decisions all concern state procedural rules, thus federal habeus review is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.

Petitioner alleges that his default claim was caused by his appellate counsel's ineffectiveness in failing to assert the claim on direct appeal. (Rec. Doc. No. 18 at 6).

While, ineffective assistance of counsel on direct appeal may provide cause to avoid a procedural bar, it is only if

4

counsel was indeed ineffective. *Sherill v. Hargett*, 184 F.3d 1172, 1176 (10th Cir. 1999). To prove that counsel was ineffective, petitioner must prove counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). If petitioner has an inadequate showing as to either of the two prongs, a court may dispose of the ineffective assistance claim without addressing the other prong. *Id*.

Petitioner must show a reasonable probability that he would have prevailed on appeal but for counsel's deficient representation, in order to prove prejudice with respect to a claim that appellate counsel was ineffective. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). Thus, an attorney's failure to raise meritless objections is not the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Generally, a habitual offender adjudication will be vacated if, before a trial court accepts a stipulation, the defendant is not advised of his right to remain silent and the state does not prove identity, <u>unless</u> the hearing was nevertheless fundamentally fair. *State v. Boutte*, 27 So.3d 1111 (La. App. 3rd Cir. 2010). Louisiana courts have found hearings to be fundamentally fair, despite the fact that there was no express advisement of the right to remain silent. See *State v. Thomas*, 54 So.3d 1268, 1271-72 (La. App. 3rd Cir. 2011).

When confronted with testimony from the state's fingerprint expert petitioner entered a limited stipulation only as to identity. (State Rec., Vol. III of IV, transcript of Aug. 10, 2007, pp. 4-5). Petitioner does not dispute here that he was in fact the person who committed the predicate offense. Petitioner's counsel wisely stipulated to identity after recognizing the state was easily going to meet its burden of proof on the issue. The state trial judge also confirmed on the record with petitioner that he understood the right to contest identity, the state's burden in that regard, and the need for a free and voluntary waiver of rights by the petitioner as conditions predicate for acceptance of the stipulation. (State Rec., Vol. III of IV, transcript of Aug. 10, 2007, pp. 6-8). Therefore, Petitioner's hearing was fundamentally fair despite the fact that he was not expressly told of his right to remain silent.

The state may use any competent evidence to prove the defendant's prior convictions and is not required to use a specific type of evidence in order to carry its burden of proof in a habitual offender proceeding. *State v. Price*, 66 So.3d 495, 504 (La. App. 5th Cir. 2011) *writ denied*, 2011 WL 6957850 (La. Nov. 23, 2011).

A petitioner's defaulted claim is procedurally barred, when he fails to show cause and prejudice for the default of his claim in state court, unless the application of the bar will result in a fundamental miscarriage of justice. *Badwell v. Dretke*, 372 F.3d 748, 757 (5th Cir. 2004). However, a showing of a fundamental miscarriage of justice requires an assertion of actual innocence.

*Glover v. Cain*, 128 F.3d 900, 904 (citing *Glover v. Hargett*, 56 F.3d 682, 284 (5th Cir. 1995)). The United States Fifth Circuit found that when dealing with alleged sentencing errors, the actual innocence requirement is only met when the petitioner shows that "he would have not been legally eligible for the sentence he received." *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002).

In the instant case, Petitioner, his counsel and the judge signed a Waiver of Constitutional Rights/Plea of Guilty Form that set forth petitioner's rights in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969) (State Rec., Vol. II of IV). This was sufficient for the state to meet its initial burden of proof. After Petitioner signed the Waiver of Constitutional Rights/Plea of Guilty form he had the burden to produce affirmative evidence of an infringement of his rights or a procedural irregularity. Petitioner fails to show anything to meet the latter burden. Therefore, the state was not required to produce additional evidence showing that the prior plea was knowing and voluntary. *State v. Flagg*, 792 So.2d 133, 143 (La. App. 5th Cir. 2001). There is no showing of a miscarriage of justice from application of the procedural bar.

Further, while the Louisiana Supreme Court suggests avoidance of the default where an appellate counsel argues ineffective assistance in the same appeal, the ineffective assistance claim fails here on the merits - not exclusively on the questionable procedural default. *See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Corzo v. Murphy*, 2008 WL 3347394,

at *1 n.5 (EDLA 2008); *Cobb v. Stalder*, 2011 WL 3654402, at *7-9, adopted, 2011 WL 3664659 (EDLA 2011).

New Orleans, Louisiana this 15th day of June 2012.

_____
UNITED STATES DISTRICT JUDGE